Monell, J.
On the trial of this action, the plaintiff’s' counsel offered to read the testimony of the plaintiff, as purported to be given on the former trial, from a printed case settled for the purpose of arguing an appeal from the special to the general term of this court, after judgment. An order of this court made at' special term was read, which contains the following clause : “ And it is further ordered that the testimony of the plaintiff, taken on the former trial, be read on the.next trial thereof, as then taken, provided the plaintiff shall eléct so to read the same.”
The defendant objected to reading the testimony from such *441 printed case ; the court overruled the objection and the defendant excepted. The testimony of the plaintiff was then read to the jury from such printed case.
It, appeared that a motion had been made at the special term upon a case for a new trial, which was granted, and the provision above quoted was inserted in the order. From the order granting a new trial an appeal was taken by the plaintiff to the general term, when the case was printed by the plaintiff. The general term affirmed the order. No evidence was given or offered that such printed case contained a correct statement of the plaintiff's testimony as given on the former trial. There was no proof that the defendant acquiesced in its correctness, nor any evidence whatever of its authenticity. The printed case was prepared by or under the direction of the plaintiff, and probably was not seen by the defendant until the argument of the appeal. The order merely authorized the reading of the plaintiff’s testimony as taken on the former trial. But before it could be read from any paper, evidence was necessary to prove that it was correct. Ordinarily the minutes of the testimony taken at the trial and proved to have been correctly taken, is the manner of proving testimony. There may be other modes of proving it; but in all cases there must be some proof that the paper read from contains a correct and true minute of the evidence. In this case no proof whatever was offered, and the jury were left to assume or presume the evidence as contained in a printed case to be correct.
We think it was error to allow the plaintiff’s evidence to be read from the printed case, and for this reason, without looking into the other exceptions, the judgment and order appealed from should be reversed and a new trial granted, with costs to abide the eventi
Garvin, J. concurred.
Robertson, Ch. J. The only difficulty in this case as to the admission of the statement of the plaintiff's testimony *442 from a printed pamphlet, which I have, arises from the fact that the defendant’s counsel read another part of the same statement in his own favor. Such a case seems to be entirely different from the cross-examination of a witness improperly admitted, (Duff v. Lyon, 1 A. D. Smith, 536 ;) or, what is equivalent, reading answers to cross-interrogatories under a commission, when the reading of answers to the direct interrogatories annexed to the same has been objected to on account of some defect in executing the commission. Objections made at the trial may be waived by the act of the party objecting. If the defendant had first read the parts favorable to himself) clearly the plaintiff could read those favorable to him, as part of the same statement, and it would seem as though the order of introducing the testimony should not make that first offered inadmissible. An objection to the admission of the declarations of a third party has been held to be waived by calling such party and cross-examining him as to such declarations. (Tooker v. Gormer, 2 Hilt. 71. S. P. Grimm v. Hamel, Id. 434.) The strongest case I have been able to find upon this point is Simpson v. Watrus, (3 Hill, 619,) where an objection to parol evidence of the existence and contents of an execution and the acts of a witness under it was held not to be waived by subsequently calling for such execution and reexamining the witness to prove irregularities under it.
But I think the exception to the charge, that if the jury did not believe the defendant they should find for the plaintiff, was fatal. Another witness (Parsons) testified to facts sufficient to show that the check was given conditionally, and was passed to the plaintiff as collateral security with full knowledge of such condition, which was never performed. For this reason I concur in granting a new trial.
New trial granted.